IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BELLON, | : |
|     Petitioner | : |
|     v. | : Case No. 3:22-cv-44-KAP |
| MORRIS HOUSER, Superintendent, | : |
| S.C.I. Benner, | : |
|     Respondent | : |

Memorandum Order

    Petitioner Bellon filed a petition for a writ of habeas corpus at Bellon v Ferguson, Case No. 3:15-cv-131-KRG-KAP (W.D.Pa.), attacking his conviction and sentence at Commonwealth v. Bellon, CP-07-CR-1272-2002 (C.P. Blair). In addition to this second petition for a writ of habeas corpus, Bellon has been attacking his sentence by suing prosecutors and witnesses for damages at Bellon v. Shapiro, Case No. 3:21-cv-100-KRG-KAP (in which I have a recommendation pending), and he has filed multiple rounds of petitions in the state courts under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Bellon's pursuit of his goals by whatever means available has also led to overlapping litigation nominally attached to this matter or to Bellon v Ferguson, Case No. 3:15-cv-131-KRG-KAP (W.D.Pa.). *See, e.g.* Bellon v. Superintendent Benner Twp. SCI, No. 22-1602, 2024 WL 138574, at *1 (3d Cir. Jan. 12, 2024).

    I stayed this matter shortly after it was filed in March 2022 on Bellon's request for a stay under Rhines v. Weber, 544 U.S. 269 (2005). Approximately two years later Bellon reported that the PCRA proceedings ended with the Pennsylvania Supreme Court denying further review on April 16, 2024, and I re-opened this matter. ECF no. 8. I denied Bellon's motion to continue the stay based on a projected filing of another PCRA petition, and I also denied Bellon's motion to have the court appoint specific counsel to represent him. ECF no. 9. Bellon filed appeals of my nondispositive orders to the presiding District Judge, then withdrew some of his objections, then filed a free-standing motion to file an amended petition. ECF no. 10, ECF no. 13, ECF no. 14. The Court entered an Order in June 2024, ECF no. 15, returning Bellon's second motion for appointment of counsel embedded in the objections and Bellon's motion to file an amended petition to me.

    I ruled on Bellon's motion to amend in July, ECF no. 16. I again deny the motion for counsel. A petitioner in a habeas proceeding has no constitutional right to counsel, but the Criminal Justice Act as codified at 18 U.S.C.§ 3006A(a)(2)(B) provides that whenever "the court determines that the interests of justice so require, representation may be provided for any financially eligible person who … is seeking relief under section 2241, 2254, or 2255 of title 28." Appointment of counsel in a habeas proceeding is mandatory

if the district court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2254 Proceedings, 28 U.S.C. *foll.* § 2254. See United States v. Iasiello, 166 F.3d 212, 213 n.3 (3d Cir. 1999). Otherwise the matter is discretionary. Reese v. Fulcomer, 946 F.2d 247, 253 (3d Cir. 1991), *superseded in part by statute.* Given the few cases in which counsel would be required, *see* Shinn v. Ramirez, 596 U.S. 366, 371 (2022)(except for "extraordinary cases," evidentiary hearings are barred in habeas proceedings under 28 U.S.C.§ 2254), petitioner's motion is denied without prejudice to considering, *sua sponte*, appointment of counsel should circumstances change. To clear up a misconception advanced by Bellon, I note that the Court's Criminal Justice Act plan contemplates appointment of the Public Defender as the first option if counsel is appointed: Bellon's request to appoint specific counsel will not be granted. Nothing prevents specific counsel from entering a matter *pro bono* or after being retained by Bellon, but Bellon cannot pick specific counsel and then use the CJA to fund their appointment.

Once Bellon filed a brief at ECF no. 19 in this matter, counsel for the respondent moved to stay this matter because of Bellon's recent filing of a new PCRA petition. ECF no. 20. I granted the motion for stay, ECF no. 21, but for the reason that Bellon was attempting to proceed both in this Court and at the Court of Appeals in various post-judgment actions nominally attached to Bellon v Ferguson, Case No. 3:15-cv-131-KRG-KAP (W.D.Pa.), including the filing of a petition for a writ of mandamus at the Court of Appeals, at In re: Charles Bellon, No. 24-2897 (3d Cir. December 3, 2024). The denial of the petition for mandamus has reduced the number of fronts Bellon is litigating on to two: 1) this petition and 2) the serial PCRA petition still before the Blair County Court of Common Pleas. For ease of review I append pages 1-3 and 53-54 of the state court docket sheet in Commonwealth v. Bellon, CP-07-CR-1272-2002 (C.P. Blair).

It now becomes reasonable to consider whether a stay under Rhines v. Weber should continue in this matter. Given the history of Bellon's multipronged filings, whatever claims he can raise in this petition should be considered at one time after his state court collateral PCRA efforts have exhausted whatever further claims Bellon can raise, rather than piecemeal. Accordingly, the stay I entered in March 2022 is entered again:

This matter is stayed pending completion of Bellon's most recent PCRA proceedings, including the completion of any appeal to the Pennsylvania Superior Court. If this matter is not rendered moot by action in the state court, the petitioner shall notify the Clerk when proceedings there are completed. I will then reopen this matter for further proceedings. If Bellon wishes to amend his petition for a writ of habeas corpus he must file a motion to amend attaching as an exhibit a single petition complying with Habeas Rule 2, raising all the claims on which he seeks relief.

      The parties have the right to appeal within 14 days from this nondispositive Order under Rule 72(a) and 28 U.S.C.§ 636(b)(1)(A).

DATE: December 23, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Charles Bellon FN-8112
S.C.I. Somerset
1590 Walters Mill Road
Somerset, PA 15510